# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANGELA KENDRICK,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 6:20-CV-1950-RDP |
| } | |
| **KILOLO KIJAKAZI, Acting** } | |
| **Commissioner of Social Security,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OF DECISION

Plaintiff Angela Kendrick brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). *See* 42 U.S.C. §§ 405(g) and 1383(c). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

## I.   Proceedings Below

Plaintiff filed applications for a period of disability, DIB, and SSI on September 17, 2018, alleging that her disability began on March 12, 2013. (R. 76-77). Plaintiff's applications were initially denied by the Social Security Administration on February 26, 2019. (R. 116, 122). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on March 26, 2019. (R. 131). Plaintiff's request was granted, and a hearing was held before ALJ Jason A. Lewis on April 29, 2020. (R. 34). In a decision, dated May 27, 2020, the ALJ determined that Plaintiff had not been under a disability within the meaning of §§ 216(i), 223(d), and 1614(a)(3)(A) of the Act

since September 27, 2017. (R. 28). Plaintiff filed a request for review of the ALJ's decision with the Appeals Council on June 8, 2020. (R. 197). The Appeals Council denied Plaintiff's request for review on October 9, 2020. (R. 1). Therefore, the ALJ's decision became the final decision of the Commissioner and a proper subject of this court's appellate review. 42 U.S.C. §§ 405(g), 1383(c).

At the time of the hearing, Plaintiff was 45 years old. (R. 39, 76-77). Plaintiff testified that she completed ninth grade and ultimately obtained a GED. (R. 43). Plaintiff previously worked as a call center employee, a convenience store cashier, cook and food person, and a Walmart overnight stocker. (R. 40-41, 236, 267). Plaintiff has not worked since March 2013. (R. 236, 267). Plaintiff claims disability since March 12, 2013, primarily because of multiple sclerosis ("MS"). (R. 41-42, 76-77). Plaintiff testified to limitations based upon back pain, difficulty concentrating, anxiety, constant fatigue, and occasional inability to drive, grasp, and breathe. (R. 41-46). Plaintiff testified that, at most, she can concentrate for 30 minutes, stand for five to ten minutes, walk for two minutes, sit for 30 to 45 minutes, and lift and carry ten to 15 pounds. (R. 43-44).

The vocational expert ("VE") testified that Plaintiff could not perform her previous work; however, she could perform "sedentary jobs at an unskilled level." (R. 49). The VE explained that an individual capable of performing sedentary jobs at an unskilled level could work as an assembler, inspector, and waxer. (*Id.*). The VE further testified that no jobs would be available for an individual "unable to sustain attention, concentration, and pace for more than one hour at a time throughout an eight-hour workday." (R. 50).

During her alleged period of disability, Plaintiff saw treating physician Dr. David Longmire on August 19, 2015, who evaluated Plaintiff for migraines and dizziness. (R. 511). Dr. Longmire conducted an MRI of Plaintiff's brain, noted abnormal brain signal activity, and

subsequently referred Plaintiff to North Central Neurology Associates in Cullman, Alabama (R. 511, 402).

Plaintiff was seen by Dr. Christopher LaGanke at North Central Neurology Associates, who evaluated Plaintiff for MS on September 30, 2015. (R. 402-05). At that visit, Plaintiff complained that, among many things, she experienced migraines, chest pain, back pain, dizziness, fatigue, depression, and anxiety. (R. 402-03). Dr. LaGanke conducted an electrodiagnostic test, ordered a complete blood count test, recommended a demyelination evaluation, and prescribed Plaintiff daily Adderall medication during this visit. (R. 404-08). At a subsequent visit to North Central Neurology Associates on November 30, 2015, Plaintiff was seen by Dr. Cynthia Kimbrough, and complained of increased pain and stress. (R. 409). Dr. Kimbrough prescribed Plaintiff Lyrica and Ativan. (R. 411). Plaintiff saw Dr. Kimbrough again on March 14, 2016, when Dr. Kimbrough diagnosed Plaintiff with an unspecified demyelinating disease of the central nervous system, and prescribed Plaintiff Betaseron. (R. 415).

Dr. Kimbrough first diagnosed Plaintiff with MS on June 3, 2016. (R. 421). Plaintiff was also diagnosed with migraines during that visit. (*Id.*). Dr. Kimbrough prescribed Plaintiff Aubagio and Ampyra, which Plaintiff had difficulty affording at times. (R. 421, 423-24, 427, 435, 437, 445, 447, 488, 490, 519-20). On October 10, 2018, Plaintiff received another brain MRI at Huntsville Hospital. (R. 387). The MRI revealed no active demyelination, but did show moderate white matter disease, consistent with Plaintiff's history of MS. (*Id.*).

Plaintiff's medical records from North Central Neurology Associates, ranging from 2015 to 2020, repeatedly indicate that Plaintiff was unable to tandem walk and that her gait was slow and cautious. (R. 424, 428, 446, 490, 521). Plaintiff was repeatedly found to have full strength throughout her body, except on her right side, which was rated 4/5. (*Id.*). Plaintiff was observed to

have a mild tremor in the bilateral hands with outstretched arms in May 2018. (R. 435). Plaintiff had normal reflexes and tone at every examination. (R. 387, 411, 414, 421, 424, 428, 435, 438, 446, 490, 521).

Plaintiff's medical records from Capstone Rural Health in Nauvoo, Alabama reveal that she was diagnosed with Type 2 diabetes in December 2017. (R. 367). Plaintiff was also diagnosed with hyperthyroidism and hypertension in December 2017. (R. 367). Plaintiff's BMI has consistently fallen within the obese range. (R. 377, 380, 499, 521). Plaintiff was diagnosed with chronic obstructive pulmonary disease and sleep apnea on September 19, 2018. (R. 380). However, Plaintiff did not follow through with her pulmonologist referral. (*Id.*).

Plaintiff was also diagnosed with acute exacerbation of chronic obstructive pulmonary disease at Northwest Medical Center in Winfield, Alabama on November 11, 2018. (R. 392-93). Plaintiff sustained a small ankle fracture in June 2019, as revealed by x-rays at Northwest Medical Center. (R. 486-87).

In a Disability Determination Explanation dated February 26, 2019, state agency medical consultant Dr. Krishna Reddy found that Plaintiff could occasionally lift or carry 20 pounds, frequently lift or carry ten pounds, stand or walk for four hours, sit for six hours, and occasionally perform postural maneuvers except for climbing ladders, ropes, and scaffolds. (R. 107-10). Dr. Reddy found that Plaintiff should avoid all hazards and even moderate exposure to extreme heat. (*Id.*).

In January 17, 2019, Dr. Justin Anderson, a consultative psychologist, found that Plaintiff had the ability to "understand and remember simple and detailed instructions . . . [,] sustain attention for extended periods of two-hour segments . . . [,] tolerate coworkers and supervisors . . . [and] adapt to a flexible work environment with infrequent changes[.]" (R. 453). He further

found Plaintiff was mildly limited in her ability to "understand and remember detailed instructions" as well as "sustain concentration, persistence, and pace for detailed tasks." (R. 454). He also found that Plaintiff was guarded and had a mild to moderate limitation in her ability to "adapt to the routine stressors [and] changes of a general work environment." (R. 454, 458).

On February 12, 2019, Dr. Kristen Berthiaume, a state agency medical consultant, found that Plaintiff could concentrate on a simple task for two hours and would function best away from others. (R. 110-12).

**II.     ALJ Decision**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." 20 C.F.R. § 1572. "Substantial" work activity is work that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of this criteria, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

Here, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 27, 2017, and that she has multiple severe impairments including MS, obesity, anxiety, and depression, satisfying steps one and two of the analysis. (R. 18). The ALJ found, however, that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20). The ALJ noted that the severity of Plaintiff's MS does not medically equal a listing because Plaintiff did not demonstrate disorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities. (*Id.*). The ALJ also noted that the severity of Plaintiff's mental

impairments does not medically equal a listing as she did not show that the impairments result in one extreme limitation or two marked limitations in a broad area of functioning. (*Id.*). The ALJ further determined that Plaintiff's obesity did not act in tandem with another one of Plaintiff's listed impairments in such a way that it exacerbated the severity or functional effects to medically equal a listing. (*Id.*). As such, the ALJ found that Plaintiff failed step three of the analysis. (*Id.*).

The ALJ next determined Plaintiff's RFC, and found she was limited to sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, understand and carry out simple instructions, and interact with supervisors, coworkers, and members of the public in a workplace with infrequent changes. (R. 22). The ALJ found that Plaintiff can never climb ladders, ropes, or scaffolds, tolerate exposure to extreme heat or concentrated vibration, fumes, odors, dusts, or gases, or work under hazardous conditions involving unprotected heights and dangerous machinery. (*Id.*). The ALJ also found that Plaintiff did not have the RFC to perform the requirements of her past relevant work, but that she could perform work within her RFC in jobs that exist in significant numbers in the national economy, such as an assembler, inspector, or waxer, completing steps four and five of the analysis. (R. 24-27).

### III.    Plaintiff's Argument for Reversal and Remand

Plaintiff argues that the ALJ's decision is not supported by substantial evidence, and the ALJ failed to evaluate her complaints of pain under the correct legal standard. (Pl.'s Mem. 5, 7). First, Plaintiff asserts that the ALJ provided only "general[]" reasons to support his decision, and "ignored" and "omitt[ed] significant evidence from his analysis." (Pl.'s Mem. 7, 11, 11). Specifically, Plaintiff claims that the ALJ cherry-picked evidence concerning her medical condition to support his own conclusion, rather than considering her entire medical history (Pl.'s

7

Mem. 8). Second, Plaintiff argues that the ALJ failed to apply the proper legal standard because the ALJ failed to evaluate her complaints consistent with the Eleventh Circuit's "pain standard." (Pl.'s Mem. 5, 12).

### IV.     Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.     Discussion

Plaintiff contends that the ALJ's findings are not supported by substantial evidence and he failed to apply the correct legal standards. (Pl.'s Mem. 5, 7).  Upon review of the record as a whole, the court concludes that the ALJ's decision is due to be affirmed.

When a claimant attempts to establish disability through their own testimony of pain or other subjective symptoms, the court applies the Eleventh Circuit's "pain standard." *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The standard requires "(1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the claimed pain." *Id.*; *see also* 20 C.F.R. § 404.1529. After considering a claimant's complaints of pain under the standard, however, "the ALJ may reject them as not creditable[.]" *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). During this assessment, the ALJ is to consider the claimant's testimony and any inconsistency between the testimony of symptoms and other evidence. 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4). If the ALJ rejects the claimant's testimony regarding pain, the ALJ must "articulate explicit and adequate reasons for doing so." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)). There is no requirement that the ALJ specifically refer to every piece of evidence used to render his decision; instead, the ALJ's decision must demonstrate to this court that he considered the claimant's medical condition in its entirety. *Adams v. Commissioner*, 586 Fed. App'x 531, 533 (11th Cir. 2014).

Here, the ALJ applied the proper legal standard to determine that Plaintiff is not disabled on the basis of subjective testimony. *See Holt*, 921 F.2d at 1223. First, the ALJ considered evidence

of underlying medical conditions and noted Plaintiff's numerous medical impairments. (R. 18-19). The ALJ also considered objective medical evidence to determine whether it confirmed the severity of Plaintiff's alleged pain arising from that condition. (R. 20-26). The ALJ considered whether the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to Plaintiff's claimed pain. (R. 23). Finally, the ALJ considered this information alongside Plaintiff's subjective complaints of pain. (R. 22-26, 41-44).

Furthermore, substantial evidence supports the ALJ's decision to discredit Plaintiff's subjective testimony regarding pain. The ALJ acknowledged that Plaintiff's "determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 23). However, the ALJ found that the objective medical evidence did not confirm the severity of Plaintiff's pain arising from the condition, and that the objectively determined medical condition is not of such severity that it can be reasonably expected to give rise to the claimed pain. (R. 23).

Specifically, the ALJ concluded that "the [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in this decision." (*Id.*). For example, Plaintiff's October 2018 MRI showed no active demyelination, Plaintiff had full strength throughout except on her right side which was still rated 4/5, Plaintiff's tremor in the bilateral hands with outstretched arms was only noted in May 2018 and not at subsequent examinations, and Plaintiff had normal reflexes and tone at every examination. (R. 387, 411, 414, 421, 424, 428, 435, 438, 446, 490, 521). The ALJ determined that this medical evidence does not fully support Plaintiff's claims that she can at most stand for five to ten minutes, walk for only two minutes, sit for only 30 to 45 minutes, and concentrate for only 30 minutes; lift no more than ten to 15 pounds;

drops things easily; and suffers from back pain, anxiety, constant fatigue, and occasional difficulty breathing and driving. (R. 41-46).

The ALJ further found that "no objective clinical evidence shows that the [Plaintiff]'s symptoms are as debilitating as she alleges[,]" which fails to satisfy either of the final two factors in the pain standard test. (R. 24). The ALJ based this reasoning on records indicating that Plaintiff managed symptoms through routine and conservative treatment, never underwent formal mental health treatment, experienced a bilateral tremor recorded as being only mild in degree, and did not seek treatment at community clinics or emergency care during periods she went without neurological care due to financial constraints. (R. 387, 393-98, 404, 426, 433, 436-38, 519-22).

Finally, the ALJ explicitly articulated his reasoning, beyond a mere conclusory statement, for his findings on the credibility of Plaintiff's subjective testimony. Thus, after a careful review of the record, the court concludes that substantial evidence supports the ALJ's decision to reject Plaintiff's subjective allegations of pain.

**VI.   Conclusion**

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this September 20, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE